## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Eric A. Foster,**
**Petitioner Below, Petitioner**

**FILED**

**March 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 17-0504** (Nicholas County 17-C-7)

**John T. Murphy, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Eric A. Foster, pro se, appeals the May 12, 2017, order of the Circuit Court of Nicholas County denying his petition for writ of habeas corpus. Respondent John T. Murphy, Warden, Huttonsville Correctional Center, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 30, 2003, petitioner engaged in a physical confrontation with Travis Painter with whom he had prior animus. During this confrontation, Mr. Painter threatened petitioner with a gun. Petitioner testified at his trial that, following their confrontation, Mr. Painter invited him to the camper of his brother-in-law, Mike Murphy, to "talk things out." The State argued that petitioner and two accomplices formulated a plan to arm themselves with weapons and travel to Mr. Murphy's camper to exact revenge. The State presented evidence that petitioner's girlfriend was upset, tearfully begging petitioner not to go to Mr. Murphy's camper. Notwithstanding his girlfriend's plea, petitioner drove to Mr. Murphy's camper around midnight. An ensuring shootout left both Mr. Painter and Mr. Murphy dead. Petitioner and an eyewitness testified that the first shot was fired from inside petitioner's truck. However, petitioner testified that he did not have a gun (as opposed to his two accomplices) and that he did not shoot anyone.

After a three-day trial in October of 2004, a jury found petitioner guilty of two counts of second-degree murder, a lesser included offense of the counts charging first-degree murder. The

1

circuit court sentenced petitioner to two consecutive forty-year terms of incarceration. In *State v. Foster*, 221 W.Va. 629, 656 S.E.2d 74 (2007), this Court affirmed petitioner's convictions and sentences.

On August 6, 2008, petitioner, pro se, filed a petition for writ of habeas corpus. Thereafter, petitioner was appointed counsel who filed an amended petition on July 1, 2012. Various grounds for habeas relief were advanced, including ineffective assistance of trial counsel. The circuit court held an omnibus hearing on September 12, 2013, and continued on October 18, 2013. During that hearing, petitioner's habeas attorney presented seven witnesses, including petitioner, an expert on criminal law, and petitioner's trial attorney. Habeas counsel questioned petitioner's trial attorney regarding the extent that his alcoholism impacted his performance at petitioner's trial.

Following the omnibus hearing, the circuit court denied habeas relief by order entered September 10, 2014. The circuit court found a single possible instance of ineffective assistance of counsel—the possibility that petitioner's trial attorney did not advise petitioner of the State's initial plea offer. The circuit court stated that, even if it assumed that trial counsel failed to communicate this plea offer, it questioned the truthfulness of petitioner's testimony that he would have taken that initial plea offer had he been aware of it given his rejection of a subsequent and unquestionably more advantageous plea offer on the first day of trial. Accordingly, the circuit court ruled that petitioner failed to meet the second prong of the applicable standard for establishing ineffective assistance of counsel, which required him to prove that a reasonable probability existed that, but for counsel's unprofessional errors, the result of the proceedings would have been different.[1]

The circuit court further found that, though petitioner argued in his initial pro se petition that trial counsel failed to object to "allegedly improper statements" made by the prosecuting attorney, that issue did not need to be addressed as it had not been "supported by any argument or evidence." Petitioner appealed the circuit court's September 10, 2014, order in *Foster v. Ballard*, No. 14-1023, 2015 WL 6756866 (W.Va. November 4, 2015) (memorandum decision). This Court affirmed the denial of habeas relief, finding that, based a review of the record, petitioner's trial attorney "performed reasonably." *Id.* at *10 (footnote omitted).

On January 26, 2017, petitioner, pro se, filed the instant habeas petition. As the sole ground for relief, petitioner argued that his habeas attorney failed to raise trial counsel's failure to object to

---

[1]In syllabus point five of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), this Court held as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

numerous instances when the prosecutor allegedly misstated the evidence during the State's closing argument. By order entered May 12, 2017, the circuit court noted that petitioner was "zealously represented" during the first habeas proceeding and found that the additional claim that habeas counsel allegedly inadequately raised had been adjudicated and/or waived in that earlier proceeding.

Petitioner now appeals the circuit court's May 12, 2017, order denying the instant habeas petition. We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). In syllabus point 4 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), we held as follows:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]

On appeal, petitioner argues that the circuit court erred in finding that his claim that trial counsel failed to object to misstatements by the prosecutor had been adjudicated and/or waived in his first habeas proceeding because he now raises the claim within the context of alleging ineffective assistance of habeas counsel. Respondent counters that the circuit court properly denied the instant habeas petition. We agree with respondent.

We have no way of evaluating whether the prosecutor misstated the evidence during the State's closing argument because petitioner failed to include the trial transcripts in his appendix.[2] In syllabus point 12 of *State v. Hargus*, 232 W.Va. 735, 753 S.E.2d 893 (2013), we held as follows:

> "An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syllabus Point 5, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966).

---

[2]Petitioner likewise failed to attach the trial transcripts to his habeas petition when it was filed in the circuit court.

*See also* Rule 10(c)(7), W.V.R.A.P. (providing that we "may disregard errors that are not adequately supported by specific references to the record on appeal"). In petitioner's notice of appeal, filed with this Court on June 6, 2017, he advised that transcripts were not necessary for consideration of this appeal. Based upon our review of the record before us, we find that no error affirmatively appears from the record and that petitioner has not shown that habeas counsel failed to raise a meritorious claim. Therefore, we conclude that the circuit court did not abuse its discretion in denying the instant habeas petition.

For the foregoing reasons, we affirm the circuit court's June 6, 2017, order denying petitioner's instant petition for writ of habeas corpus.

Affirmed.

**ISSUED**:  March 23, 2018

**CONCURRED IN BY**:

Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker


**DISQUALIFIED**:

Chief Justice Margaret L. Workman